U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR - 3 2017

TONY R. MOORE, CLERK
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 2:05 -CR-20132 |
| v. | * | |
| ROBIN LYNN PINKNEY | * | JUDGE |
| | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are three *pro se* motions filed by Robin Pinkney: a Motion for Appropriate Relief (Rec. Doc. 232), a Motion Pursuant to Federal Rule of Civil Procedure 15 (Rec. Doc. 240), and a Motion to Grant Relief under 28 U.S.C. § 2255 (Rec. Doc. 241).[1] For the following reasons, the motions will be denied.

### I. FACTS & PROCEDURAL HISTORY

On November 21, 2008, the court entered a judgment, (Rec. Doc. 141), against Pinkney sentencing him to 240 months of imprisonment and 10 years of supervised relief after he pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846, (Rec. Docs. 103, 104). This sentence was the statutory minimum sentence. Pinkney did not receive any enhancement points under U.S.S.G. § 4B1.1, and he was not considered a career offender under the guidelines. Shortly after the judgment was entered, Pinkney filed a Motion to Modify Sentence through his attorney (Rec. Doc. 142), which was denied by the district court (Rec. Doc. 145). Pinkney did not file an appeal from the district court's final judgment.

---

[1] As further explained below, the court will consider these motions as both a petition for relief under 28 U.S.C. § 2255 and a motion for sentence reduction under 18 U.S.C. § 3582(c)(2).

1

In January 2012, Pinkney filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses. (Rec. Doc. 185). The court denied this motion in March 2012. (Rec. Doc. 189). In 2015, Pinkney filed two *pro se* motions: (1) a Motion to Correct Defendant's Supervised Release (Rec. Doc. 217), and (2) a Motion for Modification or Reduction of Sentence Pursuant to Amendment 782 (Rec. Doc. 218). Both motions were denied. (Rec. Docs. 221, 229).

On September 28, 2016, Pinkney filed a "'Motion for Appropriate Relief'[:] Sentence Reduction Pursuant to U.S.S.G. §3B1.2 Amendment 794[;] Appointment of Counsel under 3006(a)[;] 28 U.S.C. § 2255." (Rec. Doc. 232). Because the petitioner is *pro se*,[2] the court will consider this as both a petition for habeas relief under 28 U.S.C. § 2255 and a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). On December 12, 2016, he made two additional *pro se* filings: (1) "Motion Pursuant to Fed. R.C.P. 15[,]§2255 Motion to Relate to Date of Origin, U.S.S.G. § 3B1.2 Amendment," [sic] (Rec. Doc. 240), and (2) "Motion to Grant Relief under 28 U.S.C. § 2255," (Rec. Doc. 241). Liberally construing these filings, the court finds that they are amendments to the original Motion for Appropriate Relief, and they will be considered for both his § 2255 argument and his § 3582(c)(2) argument.

In his original Motion for Appropriate Relief, he argued that his sentence should be reduced under the Amendment 794 which became effective in 2015 because he had a minor role in the conspiracy. (Rec. Doc. 232). In his first amendment, Pinkney argues that the district court improperly determined that he was a career offender. (Rec. Doc. 240). In his second amendment, Pinkney clarifies that he is also bringing (1) an ineffective assistance of counsel claim, and (2) a

---

[2] As a *pro se* litigant, he is entitled to a liberal construction of his filing and less stringent standards in interpreting his arguments. *Harris v. Barnhart*, 204 F. App'x 447, 448 (5th Cir. 2006) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)).

prosecutorial misconduct claim. (Rec. Docs. 241). He reiterates these arguments in his reply to the government's opposition (Rec. Doc. 245).

## II. LAW & ANALYSIS

Whether it is viewed as a petition for habeas relief under 28 U.S.C. § 2255 or a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), Pinkney's Motion for Relief, including the amendments (Rec. Docs. 232, 240, 241), fails.

### A. 28 U.S.C. § 2255

Pinkney's § 2255 claims fail because they are time-barred. Under 28 U.S.C. § 2255, the defendant must file a petition with a one-year period from "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3). "[W]hen a federal prisoner fails to file a notice of appeal from his conviction ..., the conviction becomes final for purposes of § 2255 upon the expiration of the ... period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Under the rules that were applicable at the time, Pinkney had ten business days from the entry of his judgment of conviction to file a direct appeal. Fed. R. App. P. 4(b)(1) (2008). Pinkney's judgment of conviction was entered on November 21, 2008, which gave him until December 8, 2008, to file an appeal to the Fifth Circuit. Pinkney did not file a direct appeal. Therefore, his judgment of conviction became final on December 9, 2008, and Pinkney's one-year period for filing a § 2255 petition expired on December 9, 2009. The current petition, which was filed on September 28, 2016, and its amendments are time-barred under 28 U.S.C. § 2255(f)(1).

The petition also does not meet the requirements of § 2255(f)(3) because it is not based on a new rule that is retroactive on collateral review. In one of his amendments, Pinkney argues

3

that he was sentenced as a career offender under U.S.S.G. § 4B1.1 in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015).³ However, Pinkney was not sentenced as a career offender. Therefore, *Johnson* is inapplicable and cannot be used to stretch the statute of limitations. Additionally, Pinkney has not argued that equitable tolling should apply. For these reasons, to the extent that his motion is a motion for relief under § 2255, it will be denied as untimely.

### B. 18 U.S.C. § 3582

Pinkney's § 3582 claims fail because the Amendment 794 is not retroactively applicable. Under 18 U.S.C. § 3582(c)(2), if "a defendant…has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[, a] court may reduce the term of imprisonment…if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." To be consistent with the Sentencing Commission's policy statements, the reduction must be consistent with U.S.S.G. § 1B1.10. *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). Under U.S.S.G. § 1B1.10, only amendments that are specifically listed as retroactive in §1B1.10 can be retroactively applied to a final sentence. *Id.* "Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10([d]), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement." *Id.* The amendment that Pinkney claims should be retroactively applied, Amendment 794, is not listed under § 1B1.10(d). Therefore, Pinkney is not entitled to relief under 18 U.S.C. § 3582(c)(2).

---

³ *Johnson* announced a newly recognized right in regard to defendants who were sentenced as career offenders under the residual clause in U.S.S.G. §4B1.1. 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court determined that the *Johnson* ruling should be applied retroactively.

### III. CONCLUSION

For the reason's explained above, Pinkney's Motion for Relief and subsequent amendments (Rec. Docs. 232, 240, 241) will be **DENIED.**

ALEXANDRIA, Louisiana, this 3rd day of April, 2017.

UNITED STATES DISTRICT JUDGE